HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v.
MERCY JOHNSON ET AL.

Decided December 9, 1901.

**1.—Evidence—Hearsay—Contents of Insurance Policy.**

Upon an issue as to whether the deceased, plaintiff's husband, contributed anything to her support for some years prior to his death, it was error to allow plaintiff to testify that he had taken out several accident policies in her favor, but that she did not remember when, nor their contents, her knowledge of such contents being derived from hearing them read by a friend; nor could an accident policy in plaintiff's favor, shown her while she was testifying and which she stated to be just like the other one, be given in evidence to prove the contents of the other policies which had been lost.

**2.—Action for Death—Measure of Damages—Value of Life of Deceased.**

A charge in an action for the death of plaintiff's husband instructing that the measure of damages was the money value of the life of the deceased, was clearly erroneous and calculated to mislead the jury, although the court evidently intended to say the money value to the plaintiffs of the life of the deceased.

Appeal from Harris. Tried below before Hon. W. H. Wilson.

*Baker, Botts, Baker & Lovett* and *Frank Andrews,* for appellant.

*Stanley Thompson, O. T. Holt,* and *L. B. Moody,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by the appellees to recover damages for the death of Charles Johnson, deceased, alleged to have been caused by the negligence of appellant. The cause was tried by a jury in the court below, and appellees obtained a verdict and judgment for the sum of $2000. We shall notice only two of the various assignments of error contained in appellant's brief. The third assignment of error is as follows:

"The court erred in permitting the plaintiff, Mercy Johnson, while testifying in her behalf, to testify as to the existence of accident policies taken out by the deceased in favor of the witness prior to his death, and to state the contents of said policies; and erred in permitting the plaintiff to offer in evidence an accident policy in her favor issued August, 1896; and erred in permitting the plaintiff to offer said policy in evidence for the purpose of proving the contents of her policies, all of which were admitted over the objections of the defendant, first, that her testimony as to the said policy was not the best evidence, and that the same were shown to be in writing, and that the writing should be produced; second, that the loss thereof had not been sufficiently accounted for; third, that the plaintiff showed that she had no knowledge of the contents of the policies, did not know the company which issued it, the amount of it, the date of it, nor what agent signed it for the company, and did not know its contents; fourth, that the policy offered, which was issued in August, 1896, was so long before the death of deceased

that it had no tendency to show the relations of the parties, the deceased and the plaintiff, at the time of his death, did not tend to prove any fact in the case, and was wholly irrelevant and immaterial; fifth, that the contents of a policy, the existence of which she had testified to, could not be proved by the introduction of a policy the contents of which she admitted she did not know and could not identify in any manner, all of which will more fully appear from defendant's bill of exceptions number 1, here referred to and made a part hereof."

There was a conflict in the evidence upon the issue as to whether the deceased had contributed anything to the plaintiff, Mercy Johnson, for several years prior to his death. On this issue the plaintiff was allowed to testify, over the objection of the defendant, that the deceased had taken out several accident policies in her favor; that she did not remember and did not know when these policies were issued nor their contents, further than that a friend had read them to her; that she had not read them herself. Counsel for plaintiff then handed her a policy for $1000 in her favor, issued on August 3, 1896, and asked her to state the contents of said policy, which she said she could not do further than that it was an accident policy for $1000. She further said that the other policies testified to by her were just like this one. Whereupon counsel offered in evidence the policy of August 3, 1896, for the purpose of proving the contents of the other policies testified to by plaintiff.

We think this testimony was inadmissible. If plaintiff had testified that she had read all the policies and knew their contents to be the same, the trial court having held that the proof of loss of the policies first testified about was sufficient to admit secondary evidence as to their contents, such contents might have been shown by the policy offered in evidence. But the plaintiff's knowledge of the contents of all of the policies having only been obtained by hearing them read to her, her statement as to such contents was only hearsay, and the policy offered in evidence in connection with her hearsay statements that its contents were similar to those of the lost policies was not competent to prove the contents of said lost policies, and should not have been admitted for that purpose.

The sixteenth assignment of error is as follows: "The court erred in paragraph 8 of its general charge to the jury, which reads substantially as follows: 'On the measure of damages, should the jury find for plaintiffs, Mercy Johnson and her child, Pearl Johnson, or for Chloe Thomas, the mother of the deceased, you are instructed as follows: That in an action for negligently causing death, the measure of damages, if any, is such sum as from all the evidence in the case the jury may consider proportionate to the pecuniary injury, if any, occasioned to the person or persons, if any, entitled to recover by the death of the deceased person, allowing nothing for the distress of mind of any of the survivors, or loss to such survivors, if any, of the deceased person's society, as the law in such cases gives compensation only for pecuniary

loss, by estimating the money value, if any, of the life of the dead person.

" 'If from the evidence you believe that Mercy Johnson suffered no pecuniary loss through the death of Charles Johnson, you will, in such event, find for defendant, as against Mercy Johnson, whatever may be your finding on other questions.

" 'If you believe from the evidence that Pearl Johnson has suffered no pecuniary loss through the death of Charles Johnson, you will, in such event, find for the defendant as against Pearl Johnson, whatever may be your finding on other questions.

" 'Should you from the other evidence believe that Chloe Thomas has suffered no pecuniary loss through the death of the deceased, Charlie Johnson, you will, in such event, find for the defendant as against Chloe Thomas, whatever may be your finding on other questions.' "

It is clear that this charge is erroneous in that it instructs the jury that the amount of damages to which the plaintiffs would be entitled in event the jury should find in their favor would be the money value of the life of the deceased. The court evidently intended to say the money value to the plaintiffs of the life of the deceased, which would have been an accurate statement of the law, but the charge as given is clearly erroneous, and we can not say that it did not mislead the jury.

For the errors above indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*